IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANA SCHMIDT, Independent Administrator of the Estate of Elissa A. Lindhorst, Deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KATHY L. NODINE, MADISON COUNTY, ILLINOIS, and JOHN D. LAKIN, as the Sheriff of Madison County, Illinois,**<br><br>**Defendants.** | Case No. 3:21-CV-00152-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant Kathy L. Nodine, Madison County, Illinois, and John D. Lakin's Motion to Dismiss (Doc. 11). Having been fully informed of the issues presented, this Court denies in part and grants in part the Motion to Dismiss.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Rana Schmidt initiated this action on February 11, 2021, as the Independent Administrator of the Estate of Elissa A. Lindhorst by filing a Complaint against Defendants (Doc. 1). Defendants filed their Motion to Dismiss on April 9, 2021 (Doc. 11). Schmidt responded to the Motion to Dismiss on May 13, 2021 (Doc. 12).

Schmidt is seeking recovery on various federal and state law causes of action relating to the detention of Lindhorst in Madison County, Illinois. Lindhorst was taken into custody on February 20, 2020 based on an outstanding warrant for

possession of a controlled substance (Doc. 1; ¶ 15 – 16). Lindhorst was housed in the Madison County Jail until her death on February 24, 2020 (Doc. 1). The Complaint alleges that during her detention Lindhorst suffered severe symptoms of fentanyl withdrawal including vomiting and dehydration (Doc. 1). The Complaint further alleges that Nodine, the on-duty guard in the women's wing of the jail, was aware of Lindhorst's deteriorating medical condition and failed to render aid or medical attention (Doc. 1). Lindhorst eventually died as a result of cardiac dysrhythmia after multiple days of intense vomiting and dehydration (Doc. 1). The autopsy revealed that Lindhorst had both alcohol and amphetamine/methamphetamine present in her blood at the time of death (Doc. 1; ¶ 42).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'Plausibility' is not a synonymy for 'probability' in this context, but [plausibility] "asks for more than a sheer possibility that a defendant has acted unlawfully." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074,1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

### I. Counts Against Kathy L. Nodine (I – IV)

#### A. 42 U.S.C. § 1983 Claim (I)

Schmidt seeks recovery from Nodine pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 (Doc. 1; 12 – 14). Schmidt claims that Nodine, while acting under color of State law, deprived Elissa Lindhorst of her constitutional rights to medical care while in pretrial detention (Doc. 1; ¶ 60 – 62). Defendants seek to have Count I dismissed due to the Schmidt's failure to specify whether the claim is against Nodine in her individual or official capacity (Doc. 11, p. 4).

As previously noted, district courts are required to "draw[] all possible inferences in [the Plaintiff's] favor" when reviewing a Rule 12(b)(6) motion. *Tamayo*, 526 F.3d at 1081. Schmidt's Complaint makes various allegations against Nodine, but they all appear to be based on her individual actions with respect to deliberate indifference. While deliberate indifference claims *can* proceed against a municipality[1]

---

[1] *See Farmer v. Brennan*, 511 U.S. 825, 840 (1994); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

they require accusations of improper training or some policymaking capacity, neither of which appear in Schmidt's counts against Nodine. Schmidt's Response to Defendants' Motion to Dismiss also makes these same arguments (Doc. 12; p. 2).

The allegations against Nodine, taken as true, certainly allege the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment and made recoverable under § 1983. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Supreme Court of the United States has specifically noted that "prison guards . . . intentionally denying or delaying access to medical care. . . states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 104 – 5 (1976).

Because Schmidt has made a cognizable claim under § 1983, Defendants' Motion to Dismiss is **DENIED** with respect to **COUNT I**.

    B.    State Law Claims (II – IV)

In addition to the federal § 1983 claim, Schmidt also seeks recovery in Counts II – IV under Illinois state law. Federal district courts may exercise supplemental jurisdiction under state law claims when they "are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Because the Illinois state law claims all arise from the same operative facts, they are sufficiently related to satisfy the requirements of § 1367(a) and will not be dismissed.

**II.**    **Counts Against John D. Lakin**

    A.    42 U.S.C. § 1983 Claims (V – VI)

Schmidt seeks recovery from Sheriff Lakin in his official capacity via § 1983.

Defendants assert in their Motion that the Complaint fails to state a valid § 1983 claim.

In her Complaint, Schmidt identifies Policy Number 1100 "in which the Sheriff's office states that it will 'provide services to all detainees pursuant to and consistent with the Illinois Department of Correction – County Jail Standards.'" (Doc. 1; ¶ 46). Additionally, Schmidt notes that "Illinois Department of Correction's County Jail Standards, § 701.40(i)(3) requires Illinois jails to refer detainees for medical evaluation '[w]hen a detainee shows signs of or reports unusual physical or mental distress.'" (Doc. 1; ¶ 48).

The facts of the Complaint indicate that due to her fentanyl withdrawal, the decedent was frequently vomiting, failing to move around her cell, and repeatedly calling out for assistance (Doc. 1 p. 5 – 7). The Complaint also alleges that the jail did not follow county policies regarding evaluation of sick inmates (Doc. 1; ¶ 24 – 26). The Complaint does not sufficiently demonstrate that the "execution of a government's policy or custom . . . inflict[ed] the injury." *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). The facts indicate that a municipal policy was not the cause of Plaintiff's injuries, but instead an employee's individual action. A city (or government official) is not "automatically . . . liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner." *City of Canton*, 489 U.S. at 387.

Because Schmidt's own complaint demonstrates that Lakin had policies in place relating to providing medical treatment to detainees, and because these policies are constitutional on their face, the only cognizable § 1983 claim remaining would be

failure to train guards to recognize serious medical conditions. While Schmidt's Complaint does not provide any evidence or policies related to the training of jail officers, it still contends that Lakin's "failure to enact policies and provide training for jail officers on matters related to detainee medical needs constituted reckless indifference." (Doc. 1; ¶ 92).

To proceed on this claim, Schmidt must demonstrate that the training in relation to the tasks performed by the jail officers is inadequate; it is insufficient to demonstrate that Nodine alone was unsatisfactorily trained. *Canton*, 489 U.S. at 390 – 91. The Complaint alleges that "given the absence of policies addressing officer directed medical evaluations, LAKIN failed to provide training necessary for officers to recognize detainees in need of medical service, including those suffering from emergency medical conditions . . ." (Doc. 1; ¶ 91). Schmidt has not provided "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Even if deficient training were present, Schmidt must demonstrate that it caused the injuries, which could have been otherwise avoided. Given Lindhorst's extreme state (as noted by the facts provided in the Complaint), it should have been readily obvious to even an untrained observer that the decedent was showing "signs of . . . unusual physical or mental distress" which would require the officials to refer her for a medical evaluation. But it is not clear from the Complaint that whatever training was instituted caused the injuries, which could have been otherwise avoided. Schmidt has not sufficiently stated a claim against Lakin in his official capacity. Defendant's Motion to Dismiss with respect to **COUNTS V** and **VI** is **GRANTED** and

**COUNTS V** and **VI** are **DISMISSED without prejudice**. That said, "[l]eave to amend need not be granted . . . if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

    B.    <u>State Law Claims (VII – X)</u>

Plaintiff seeks recovery under Illinois law for actions arising out of the same facts present in the now dismissed § 1983 claims. "It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Because the two federal § 1983 claims against Lakin have been **DISMISSED**, it is proper for this Court to *sua sponte* assess its jurisdiction over Counts VII – X. This Court may properly decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

As such, **COUNTS VII – X** are hereby **DISMISSED without prejudice**. Schmidt may refile her state law claims in an Illinois court where jurisdiction is proper.

**III.   Counts Against Madison County, Illinois**

    A.    <u>42 U.S.C. § 1983 Claims (XI – XII)</u>

Similar to her claims against Lakin, Schmidt seeks recovery from Madison County, Illinois under § 1983. Defendants seek dismissal of these claims in part because the Sheriff of Madison County is an independent entity responsible for policies related to the local jail and not controlled by the county (Doc. 11; p. 11 – 12). Schmidt contends that there is a split of authority on this matter (Doc. 12; p. 12). If

the jail and its officers are in fact "solely under the supervision and control" of Lakin, Madison County could not be held responsible under § 1983 for his actions or policies. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

The facts tend to show that Lakin had independent control of the jailhouse at issue in this matter. Illinois law dictates that sheriffs "shall have the custody and care of the courthouse and jail of his or her county, except as otherwise provided." 55 ILCS 5/3 – 6017. Additionally, "[i]n counties of less than 1 million population, the sheriff shall control the internal operations of his office," which would include jailhouse procedures such as those at issue here. 55 ILCS 5/3 -6018. Madison County has an estimated population of 262,966[2], well under the population of 1,000,000 specified by the statute.

Even if Defendant's independence argument is rejected, Schmidt's § 1983 claims against Madison County still fail for the same reasons discussed above. Schmidt's § 1983 claims against Madison County essentially restate its claims against Lakin but substitute the county in places it previously identified him. As a result, they must fail for the same reasons discussed in Part II of the Analysis, *infra*.

For the foregoing reasons, Defendants' Motion to Dismiss with respect to Counts XI and XII is **GRANTED** and **COUNTS XI** and **XII** are **DISMISSED without prejudice**. Again, though, the Court reminds Schmidt that "[l]eave to amend need not be granted . . . if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

---

[2] *QuickFacts Madison County, Illinois*, United States Census Bureau, (2019), https://www.census.gov/quickfacts/fact/table/madisoncountyillinois/PST045219.

    B.    <u>State Law Claims (XIII – XV)</u>

"It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce*, 193 F.3d at 501. Because the two federal § 1983 claims against Madison County have been **DISMISSED**, it is proper for this Court to *sua sponte* assess its jurisdiction over Counts XIII - XV. This Court may properly decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

As such, **COUNTS XII - XV** are hereby **DISMISSED without prejudice**. Schmidt may refile her state law claims in an Illinois court where jurisdiction is proper.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendant Kathy L. Nodine, Madison County, Illinois, and John D. Lakin's Motion to Dismiss (Doc. 11). The Motion is **DENIED** as to Counts I – IV. Those claims shall proceed against Defendant Kathy L. Nodine. The Motion is **GRANTED** as to Counts V – XV and those counts are **DISMISSED without prejudice**. Plaintiff Rana Schmidt has 7 days to file an amended complaint based purely on Counts I – IV, or she may motion for leave to amend further based on the parameters of this Order.

**IT IS SO ORDERED.**

DATED:    December 6, 2021

                                                **s/** *Stephen P. McGlynn*
                                                **STEPHEN P. McGLYNN**
                                                **U.S. District Judge**