UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION, EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| RANA SCHMIDT, as the Independent Administrator of THE ESTATE OF ELISSA A. LINDHORST, deceased,<br><br>Plaintiff,<br><br>v.<br><br>KATHY L. NODINE, MADISON COUNTY, ILLINOIS, and JOHN D. LAKIN, as the Sheriff of Madison County, Illinois.<br><br>Defendants. | **Plaintiff Requests Trial by Jury**<br><br>Case No. 21-cv-152 |

**Plaintiff's Motion to File an Amended Complaint**

NOW COMES the Plaintiff, RANA SCHMIDT, as the Independent Administrator of THE ESTATE OF ELISSA A. LINDHORST, deceased, by WILLIAM R. TAPELLA of SPIROS LAW, P.C., her attorneys, and for her Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), states the following:

**Procedural History**

The Plaintiff filed her original 15 Count Complaint in this matter on February 2, 2021. On April 9, 2021, The Defendants filed a Motion to Dismiss. At the time the Defendants filed their motion, neither party had made their initial disclosures as required by Rule 26 of the Federal Rules, no discovery had been propounded, much less answered, and no deposition had been taken. At the time of the Court's order and through the date of this Motion, the Defendants have made no disclosures of any kind.

In that setting, this Court's Order, dated December 6, 2021, denied the Defendants' Motion as to Counts I – IV, maintaining both the federal claims, brought pursuant to 42 U.S.C. § 1983 and the state law claims against the Defendant, Kathy Nodine. The Court then dismissed Counts V through XV of Plaintiff's Complaint against the Defendants Lakin and Madison County, without prejudice. The Court gave the Plaintiff seven days to file a motion to amend her Complaint, consistent with the Court's Order, or to file a Motion for Leave to Amend addressing the issues raised by the Court with the respect to the claims against Lakin and Madison County.

This Motion addresses both the defects perceived by the Court in the Plaintiff's original Complaint and raises issues of law that the Plaintiff asserts were incorrectly decided by the Court in its Order.

**Argument**

I. **Plaintiff's proposed Amended Complaint remedies insufficiencies cited by this Honorable Court in its December 6, 2021, Memorandum and Order.**

The Plaintiff's First Amended Complaint is attached hereto as Exhibit "A." Plaintiff's proposed First Amended Complaint addresses the insufficiencies set forth in this Court's December 6, 2021, Memorandum and Order, as it relates to the claims against the Defendant, Lakin and the County.

    a. **Plaintiff has amended her Complaint as it relates to Defendant Lakin.**

Plaintiff filed her original Complaint with Counts V and VI alleging that the Defendant Lakin violated the Plaintiff's decedent's rights under 42 U.S.C. §1983. The Court's Order raised two perceived insufficiencies in the Plaintiff's original complaint, first, it found the policies adequate without considering the absence of policies, and second, it considers only Nodine in evaluating the adequacy of officer training at the jail.

As to the first issue, the Court found that Plaintiff's original Complaint indicated "a municipal policy was not the cause of Plaintiff's injuries, but instead an employee's individual action." *See* Memorandum and Order, pg. 5. The Court then suggests that the policies relating to providing medical treatment to detainees are constitutional on their face and the only viable § 1983 claim remaining would be rooted in Defendant Lakin's failure to train the jail guards and staff. Respectfully, the Court's Order ignores the allegations of fact concerning necessary policies that were not in place, policies that would have prevented Elissa Lindhorst's death. Specifically, in paragraph 53 of the original Complaint, the Plaintiff alleged the absence of any policy that defined an emergency medical condition or provided guidance on the signs, symptoms, or potential effects of drug withdrawal on inmates or detainees. Nonetheless, the proposed First Amended Complaint further address the issue of the missing policies and explicitly alleges the causal connection to Ms. Lindhorst's death.

As to the training issues, the Court properly notes that Plaintiff "must demonstrate that the training in relation to the tasks performed by the jail officers is inadequate." *See* Memorandum and Order, page 6. The Court goes on to say that "it is insufficient to demonstrate that Nodine alone was unsatisfactorily trained." *See* Memorandum and Order, page 6. The Order overlooks important allegations in the Plaintiff's original Complaint. Specifically, that Complaint alleged far more than a failure to train Nodine. In paragraph 53, the failure to train allegation does not reference Nodine, but instead references Lakin and the County's failure to train "jail employees." The same is true for the specific allegation against both Lakin and the County. *See* paragraph 91 of Count V against Lakin. Nonetheless, to address the issues raised by the Court, the Plaintiff's Proposed Amended Complaint clarifies that its allegations concerning the failure to

3

train is in relation to the tasks performed by all of the jail officers involved in the pretrial detention of the Plaintiff's decedent, including, but not limited to Deputy Nodine. Accordingly, Plaintiff requests she be allowed leave to file her First Amended Complaint to address the insufficiencies set forth in this Court's December 6, 2021, Memorandum and Order.

      **b. Plaintiff has amended her Complaint as it relates to Defendant, Madison County, Illinois.**

For similar reasons to those raised with Counts V and VI, this Court dismissed Counts XI and XII as they related to Defendant, Madison County, Illinois. Similarly, Plaintiff seeks leave to file her First Amended Complaint, which addresses the insufficiencies of her claims as they relate to Madison County. Plaintiff's proposed First Amended Complaint seeks to clarify and expound further upon allegations concerning the inadequacy of the policies and procedures Defendant, Madison County, Illinois, implemented in the maintenance and operation of the Madison County Jail and also addresses the inadequacy of the training of the jail officers.

The Plaintiff's proposed First Amended Complaint clarifies that the allegations of Madison County's failure to enact policies and train its agents and/or employees, is in relation to the tasks performed by the jail officers, including Deputy Nodine. Accordingly, Plaintiff requests she be allowed leave to file her First Amended Complaint to address the insufficiencies set forth in this Court's December 6, 2021, Memorandum and Order.

**II. This Court Has jurisdiction over Plaintiff's Illinois state law Against the Defendant Lakin, without regard to the Court's position On the Federal Claims against that Defendant, under 28 U.S.C. § 1367(a).**

    In the Court's Order, the Court held that:

> "'It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.'" *Groce v. Eli Lily & Co.*, 193 F. 3d 496, 601 (7th Cir. 1999). Because the two federal § 1983 claims against Lakin have been **DISMISSED**, it is prior for this Court to *sue sponte* assess its jurisdiction over Counts VII – X. This Court may properly decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

*See* Memorandum & Order, pg. 7.

The Court's reliance upon *Groce v. Eli Lily & Co.* Is misplaced. *See Exxon Mobil Corp v. Allapattah Service, Inc.,* 545 U.S. 546 (2005). *Groce* stands for the proposition that pendant jurisdiction should be declined when all federal claims are dismissed, which is not the case under the Court's order. Under the Order and the Plaintiff's original Complaint, federal claims remained against the Defendant, Nodine. Those claims arise out of "the same case and controversy" as the state law claims against the Defendants, Lakin and Madison County, and provided a sufficient basis for "pendant party jurisdiction."

> Under the pendant jurisdiction provision of the Code, 28 U.S. C. § 1367(a) provides:
>
> Except as provided in subsections (b) and (b) or as expressly provided otherwise by Federal Statue, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are **so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joiner or intervention of additional parties.

28 U.S. C. § 1367(a) (Emphasis added). § 1367 jurisdiction is proper over claims sounding in state law if the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 721 (1966).

The Court has exercised its ability to decline jurisdiction over several of Plaintiff's state law claims using 28 U.S.C. §1367(c)(3). Section §1367(c)(3) provides:

5

> (c) The district courts may decline to exercise supplemental jurisdiction under subsection (a) if---
>
> > (3) the district court has dismissed **all** claims over which it has original jurisdiction.

§1367(c)(3) (Emphasis added). This Court, however, has not dismissed **all** claims over which it has original jurisdiction. This Court allowed Plaintiff's claims against defendant Kathy L. Nodine, under 42 U.S.C. § 1983 to proceed. This Court's sole basis for dismissal of Plaintiff's state law claims is based upon its decision to dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Lakin and Madison County, Illinois, which is improper.

Extending section 1367(a) jurisdiction to Plaintiff's state law claims found in Counts VII, VIII, IX, X, XIII, XIV, and XV is proper as they relate to the same claim or controversy as Counts I through IV, which this Court has retained jurisdiction over. The aforementioned state law claims arise out of the same set of facts surrounding ELISSA's incarceration at the Madison County Jail from February 20, 2020, through February 24, 2020. This Court maintaining jurisdiction over the aforementioned claims contained in Counts VII, VIII, IX, X, XIII, XIV, and XV is proper and this Court should extend supplemental jurisdiction pursuant to 28 U.S. C. § 1367(a).

In *Exxon Mobile Corp. v. Allapattah Services, Inc.,* 545 U.S. 545 (2005), the Supreme Court held that if the court has original jurisdiction over a single claim in the complaint, then it has original jurisdiction over a "civil action" as defined by § 1376(a). *Exxon Mobile Corp. v. Allapatah Services, Inc.,* 545 U.S. 545, 559 (2005). The Court stated that this applies "even if the civil action over which it has jurisdiction comprises fewer claims than were included in the Complaint." *Id.* Here, this Court has original jurisdiction over Counts I and II of Plaintiff's Complaint, as such, the

remaining causes of action that arise out of a common set of facts, should be afforded supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

In the case at hand, the Court's declination to extend § 1367 jurisdiction over Plaintiff's claims sounding in Illinois law are problematic on a number of levels. First, under Counts VII, VIII, IX, X, and XV, the allegations are based upon the vicarious liability of Lakin and the County for the conduct of their employees. Under the Court's Order, the Court invites inconsistent verdicts, where a principal could be responsible for an agents conduct while the agent escapes liability in a separate forum. Beyond the risk of an inconsistent verdict, the Order imposes impractical and unduly burdensome difficulties and responsibilities that will arise from concurrent litigation in both this Court and the Circuit Court of Madison County, Illinois. The parties will operate on two different discovery schedules, case management orders, and trial dates, which will lead to duplicative litigation and expenditure of resources for all parties involved and both Courts. Judicial economy and efficiency would best be served by a single action before this Court. As such, this Court should extend supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**Conclusion**

WHEREFORE, the Plaintiff, RANA SCHMIDT, as Independent Administrator of the Estate of ELISSA A. LINDHORST, deceased, respectfully requests this Court allow Plaintiff leave to file her First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff additionally requests this Court extended supplemental jurisdiction under 28 U.S.C. § 1367(a) to her state law claims.

Dated: December 13, 2021.

Plaintiff, RANA SCHMIDT, as the Independent Administrator of THE ESTATE OF ELISSA A. LINDHORST, deceased,


By: /s/ William R. Tapella
    Attorney(s) for Plaintiff(s)
    William R. Tapella #6220468
    Spiros Law, P.C.
    2807 N. Vermilion Street, Ste. 3
    Danville, IL 61832
    T: (217) 443-4343
    btapella@spiroslaw.com

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION, EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| RANA SCHMIDT, as the Independent Adminstrator of the Estate of Elissa A. Lindhorst, deceased,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHY L. NODINE, MADISON COUNTY, ILLINOIS, and JOHN D. LAKIN, as the Sheriff of Madison County, Illinois,<br><br>　　　　Defendants. | Case No. 21-cv-152-SPM |

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed Plaintiff's Motion to File an Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Heidi L. Eckert heckert@fordharrison.com
    Ford Harrison LLP

and I hereby certify that on [date], I mailed by United States Postal Service, the document(s) to the following non-registered participants:

    NONE

    /s/　William R. Tapella
    Spiros Law, P.C.
    2807 N. Vermilion Street, Ste. 3
    Danville, IL 61832
    T: (217) 443-4343
    btapella@spiroslaw.com
    Bar No. 6220468