IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANA SCHMIDT, Independent Administrator of the Estate of Elissa A. Lindhorst, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>KATHY L. NODINE, MADISON COUNTY, ILLINOIS, and JOHN D. LAKIN, as the Sheriff of Madison County, Illinois,<br><br>   Defendants. | Case No. 21-CV-00152-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Plaintiff Rana Schmidt seeks leave to amend her complaint after this Court granted in part and denied in part Defendant Kathy L. Nodine; Madison County, Illinois; and John D. Lakin's motion to dismiss Schmidt's original Complaint (Doc. 1) under Federal Rule of Civil Procedure 12(b)(6), leaving only Nodine left in the suit (Doc. 14). Schmidt was given the option of either amending the complaint based purely on counts the Court did not dismiss or motioning for leave to amend. Schmidt filed a Motion for Leave to File First Amended Complaint and a subsequent Motion for Leave to File Amended Complaint Unopposed under new counsel (Docs. 15, 22).

  Defendants filed a response in partial opposition to the Motions, stating that the Court should deny amendment regarding Counts I and III under 42 U.S.C. § 1983 and *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978) against Lakin, the Madison County, Illinois Sheriff, in the newer proposed amended

complaint for the same reasons that the Court previously dismissed similar counts (Docs. 1, 22-1, 24). In a nutshell, the Court dismissed counts similar to those in the original Complaint due to Schmidt's lack of pleading of a municipal policy or deficient training that was the cause of the injuries (Doc. 24). Defendants also argued that the Court should deny amendment regarding Counts VI and VII against Lakin under the Wrongful Death Act and Survival Act because they were not filed within the applicable one-year statute of limitations period (*Id.*). The complaint alleges that the decedent died on February 24, 2020, and the original Complaint in this case was filed on February 11, 2021 (Docs. 1, 22-1). Those claims were not raised in the original Complaint and Schmidt did not amend the complaint as a matter of course in the days following to add the claims (Doc. 1). Defendants also suggest that the Court deny the earlier Motion for Leave to File First Amended Complaint (Doc. 15). As a preliminary matter, the Court agrees that that motion is moot.

## LEGAL STANDARD

FED. R. CIV. P. 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires. "Leave to amend need not be granted . . . if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt.*, LLC, 721 F.3d 865, 869 (7th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (citing *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Schmidt seeks recovery from Lakin in his official capacity based on a § 1983 deliberate indifference claim and a § 1983 *Monell* in Counts I and III of the proposed amended complaint (Doc. 22-1). Defendants argue, and the facts still appear to indicate, that a municipal policy or custom was not the cause of decedent's injuries and Schmidt again turns to a failure to train guards to recognize serious medical conditions. So, to proceed on the claims, Schmidt must demonstrate that the training in relation to the tasks performed by the jail officers is inadequate. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989).

In the proposed amended complaint, Schmidt stated that, contrary to policy, Lakin "failed to train the employees, including the Defendant Correctional Officers, on the need to seek immediate medical attention for emergency medical conditions like that suffered by [decedent] and to recognize those conditions requiring immediate medical assistance and the need to dispense with sick slip requirements" (Doc. 22-1, p. 17). Schmidt alleged that Lakin "never developed any policy . . . that defined or offered guidance to officers concerning the signs or symptoms of drug overdose, withdrawal, dehydration, or other medical conditions that pose a threat of significant harm or to the life of detainees" (*Id.* at 17-18). Schmidt claimed that Lakin "failed to train jail employees . . . to recognize serious medical conditions, including drug overdoses and withdrawal, to understand the significant risk of harm posed by drug overdoses and withdrawal, and failed to provide necessary training and guidance to

jail employees in determining the need for necessary medical assistance" (*Id.* at 18). Schmidt then alleged that deficient training caused the decedent's injuries (*Id.* at 24). Schmidt has provided "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

Defendants also claim that the language of the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. Ann. 10/8-101(a), prevents amendment with Counts VI and VII against Lakin under the Wrongful Death Act and Survival Act because those counts were not filed within the one-year statute of limitations period. It is true that 10/8-101(b) of the Act applies a two-year statute of limitations, not a one-year statute of limitations, for injuries "arising out of patient care." That provision basically ensures that a medical malpractice claim has a two-year limitations period, regardless of whether the medical care takes place in a private or public facility. *See Kaufmann v. Schroeder*, 241 Ill. 2d 194, 200 (2011) ("[B]y adding subsection (b), a person who suffers injuries arising out of patient care would not be disadvantaged by a shortened limitations period simply because he or she happened to obtain treatment at a public facility rather than a private one."). But Lakin is not a doctor. He is a sheriff. And he was not providing patient care. The claims do not involve an allegation that Lakin botched medical care.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Plaintiff Rana Schmidt's Motion for Leave to File Amended Complaint Unopposed (Doc. 22). Schmidt has seven days to file the amended complaint which excludes Counts VI and VII under the Wrongful Death Act and Survival Act against

Defendant John D. Lakin. Additionally, the Motion for Leave to File First Amended Complaint (Doc. 15) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED:   March 7, 2022**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
