## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANA SCHMIDT, Independent** )<br>**Administrator of the Estate of** )<br>**Elissa A. Lindhorst, Deceased** )<br> )<br>*Plaintiff*, )<br> )<br>**v.** )<br> )<br>**MADISON COUNTY, ILLINOIS,** )<br>**JOHN D. LAKIN, as the Sheriff of** )<br>**Madison County, KATHY L. NODINE,** )<br>**DEPUTY HURST, DEPUTY PAULDA,** )<br>**SGT. SARHAGE, ALISIA RUSHING,** )<br>**DEPUTY GOODWIN,** )<br>**DEPUTY CALDWELL,** )<br>**DEPUTY DECKER, LT. FOSTER,** )<br>**SGT. RICHERT, DEPUTY WILSON,** )<br>**LT. COURT, SGT. BARDELMEIER,** )<br>**REBECCA McNAUGHTON, Special** )<br>**Representative of the Estate of** )<br>**SGT. McNAUGHTON, DEPUTY BURDEN,** )<br>**DEPUTY WALLENDORFF,** )<br>**DEPUTY WHITECOTTON, and** )<br>**DEPUTY HARING,** )<br> )<br>*Defendants*. ) | **Case No. 3:21-cv-00152-SPM** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE
### DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COME NOW Defendants, JOHN D. LAKIN, as the Sheriff of Madison County,

MADISON COUNTY, ILLINOIS, KATHY NODINE, DEPUTY HURST, DEPUTY PAULDA,

SGT. SARHAGE, ALISIA RUSHING, DEPUTY GOODWIN, DEPUTY DECKER, DEPUTY

CALDWELL, LT. FOSTER, SGT. RICHERT, DEPUTY WILSON, LT. COURT, SGT.

BARDELMEIER, REBECCA McNAUGHTON, Special Representative of the Estate of SGT.

McNAUGHTON, DEPUTY BURDEN, DEPUTY WALLENDORFF, DEPUTY

WHITECOTTON, and DEPUTY HARING ("Defendants"), by and through their undersigned

attorney, and for their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, state as follows:

## INTRODUCTION

1.      Defendants admit that on February 24, 2020, Decedent Lindhorst passed away. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

2.      Defendants are without sufficient knowledge to admit or deny what other pretrial detainees heard and/or the actions taken by other pretrial detainees as alleged in Paragraph 2 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants deny the remaining allegations and inferences contained in Paragraph 2 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

3.      Paragraph 3 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

4.      Paragraph 4 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

5.      Paragraph 5 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

6.     Defendants are without sufficient knowledge to admit or deny the actions taken by other pretrial detainees as alleged in Paragraph 6 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants deny the remaining allegations and inferences contained in Paragraph 6 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

7.     a.     Defendants acknowledge that this Court has jurisdiction over this claim, for jurisdictional purposes only and deny this for any other purpose.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 7a of Plaintiff's Third Amended Complaint and demand strict proof thereof.

b.     Defendants acknowledge that this Court has jurisdiction over this claim, for jurisdictional purposes only and deny this for any other purpose.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 7b of Plaintiff's Third Amended Complaint and demand strict proof thereof.

c.     Defendants acknowledge that this Court has jurisdiction over this claim, for jurisdictional purposes only and deny this for any other purpose.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 7c of Plaintiff's Third Amended Complaint and demand strict proof thereof.

8.      Defendants acknowledge the existence of 42 U.S.C. § 1983.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 8 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

9.      Defendants acknowledge that this Court has jurisdiction over this claim, for jurisdictional purposes only and deny this for any other purpose.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

10.     Defendants acknowledge that this Court has jurisdiction over this claim, for jurisdictional purposes only and deny this for any other purpose.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

## PARTIES

11.     Defendants are without sufficient knowledge to admit or deny whether Plaintiff Schmidt is a resident of Glen Carbon, Madison County, Illinois as alleged in Paragraph 11 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants admit that Plaintiff Schmidt is the independent administrator of the estate of Decedent Elissa Lindhorst.  Defendants further admit that Plaintiff Schmidt is the mother of Decedent Lindhorst.  Defendants deny the

remaining allegations and inferences contained in Paragraph 11 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

12.    Defendants are without sufficient knowledge to admit or deny whether Decedent Lindhorst resided in Glen Carbon, Illinois and/or her date of birth as alleged in Paragraph 12 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants admit Decedent Lindhorst passed away on February 24, 2020.  Defendants deny the remaining allegations and inferences contained in Paragraph 12 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

13.    Defendants admit that Decedent Lindhorst was a pretrial detainee at the Madison County Jail in Edwardsville, Illinois.  Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

14.    Defendants admit that Sheriff Lakin was the duly elected Sheriff of Madison County, Illinois.  Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

15.    Paragraph 15 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

16.    Paragraph 16 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

17.     Paragraph 17 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

18.     Defendants admit that Defendant Rushing was employed at the Madison County Jail.  The remainder of Paragraph 18 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

19.     Defendants admit that Defendant Correctional Officers were employed at the Madison County Jail.  The remainder of Paragraph 19 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

20.     Defendants admit that Rebecca McNaughton is the named Administrator of the Estate of Sergeant Donald McNaughton.  The remainder of Paragraph 20 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

**<u>BASES FOR CLAIM</u>**

21.     Defendants acknowledge the existence of the Illinois Survival Act and the Illinois Wrongful Death Act.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff

is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 21 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

22.     Defendants acknowledge the existence of 42 U.S.C. § 1983.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 22 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

23.     Defendants acknowledge the existence of 55 ILCS 5/3-6016.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 23 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

## FACTS COMMONS TO ALL CLAIMS

### A.     Ellisa's Incarceration and Death

24.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Third Amended Complaint, and therefore deny same.

25.     Defendants admit that on February 20, 2020, Decedent Lindhorst was present at the Granite City Courtroom, 2000 Edison Avenue #6B, Granite City, Illinois 62040.  Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

26.     Defendants admit that on February 20, 2020, Judge Slemer informed Deputy Schneidewind and Deputy Saffell that Decedent Lindhorst had a felony warrant for her arrest. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

27.     Defendants admit that on February 20, 2020, it was confirmed that Decedent Lindhorst had a warrant for her arrest for the criminal charge of possession of a controlled substance.  Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

28.     Defendants admit that on February 20, 2020, Decedent Lindhorst was taken into custody without incident.  Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

29.     Defendants admit that upon her arrival at the Madison County Jail on February 20, 2020, a body scan was completed.  Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

30.     Defendants admit that prior to February 20, 2020, Decedent Lindhorst had previously been detained at the Madison County Jail.  Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

31.     Defendants admit that upon her arrival at the Madison County Jail on February 20, 2020, a body scan was completed.  Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

32.     Defendants admit that on February 20, 2020, Decedent Lindhorst indicated that she had vomited.  Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

33.     Defendants admit that on February 20, 2020, Decedent Lindhorst indicated that she had vomited.  Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

34.     Defendants admit that on February 20, 2020, Defendant Nodine executed a sick call slip for Decedent Lindhorst.   Defendants deny the remaining allegations contained in Paragraph 34 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

35.     Defendants admit that on February 20, 2020, Defendant Nodine executed a sick call slip for Decedent Lindhorst.   Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

36.     Defendants state that the Policy speaks for itself.   To the extent an answer is required, Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Third Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Third Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Third Amended Complaint.

39.     Defendants admit that on February 20, 2020, Decedent Lindhorst indicated that she had vomited.   Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Third Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Third Amended Complaint.

42.     Paragraph 42 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.   To the extent that Plaintiff attempts to assert a cause of action

against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

43.     Paragraph 43 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

44.     Paragraph 44 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

45.     Paragraph 45 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

46.     Defendants admit that on February 24, 2020, Decedent Lindhorst passed away. Defendants deny the remaining allegations contained in Paragraph 46 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

47.     Defendants are without sufficient knowledge to admit or deny the actions taken by other pretrial detainees as alleged in Paragraph 47 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants deny the remaining allegations and inferences contained in Paragraph 47 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

48.     Paragraph 48 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action

against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

49.     Paragraph 49 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

50.     Paragraph 50 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

51.     Paragraph 51 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

52.     Paragraph 52 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

53.     Paragraph 53 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

54.     Defendants admit that on February 24, 2020, Sergeant Hare found a folded piece of notebook paper in a trash container.  Defendants deny the remaining allegations contained in Paragraph 54 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

55.     Paragraph 55 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

56.     Paragraph 56 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

57.     Paragraph 57 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

58.     Paragraph 58 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

59.     Paragraph 59 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

60.     Paragraph 60 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

61.     Paragraph 61 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

62.     Defendants admit that medications were passed out to detainees on February 24, 2020.  Defendants deny the remaining allegations contained in Paragraph 62 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

63.     Defendants are without sufficient knowledge to admit or deny the actions taken by other pretrial detainees as alleged in Paragraph 63 of Plaintiff's Third Amended Complaint, and therefore deny same.  Defendants deny the remaining allegations and inferences contained in Paragraph 63 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

64.     Paragraph 64 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

65.     Paragraph 65 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

66.     Defendants admit that Decedent Lindhorst's date of death was February 24, 2020. Defendants deny the remaining allegations contained in Paragraph 66 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

**B.     The Setting for Elissa's Incarceration**

67.     Defendants acknowledge the existence of the Centers for Disease Control. To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 67 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

68.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiff's Third Amended Complaint, and therefore deny same.

69.     Defendants acknowledge the existence of the Centers for Disease Control. To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 69 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

70.     Paragraph 70 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required. To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

**C.     The Policies and Regulations Governing Elissa's Incarceration**

71.     Defendants state that the Policy speaks for itself. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Third Amended Complaint.

72.      Defendants acknowledge the existence of the Illinois County Jail Standards.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 72 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

73.      Defendants acknowledge the existence of the Illinois County Jail Standards.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 73 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

74.      Defendants acknowledge the existence of the Illinois County Jail Standards.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 74 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

75.      Defendants acknowledge the existence of the Illinois County Jail Standards.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 75 of Plaintiff's Third Amended Complaint and demand strict proof thereof.

76.      Defendants state that the Policy speaks for itself.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Third Amended Complaint.

77.     Defendants state that the Policy speaks for itself.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Third Amended Complaint.

78.     Paragraph 78 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

79.     Paragraph 79 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

**D.     <u>Madison County's History of Issues with Detainee Safety</u>**

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Third Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Third Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Third Amended Complaint.

<u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
**Claims Under 42 U.S.C. 1983:  Lakin**

83.     Defendant Lakin realleges and incorporates by reference, as if fully restated herein, his Answers to the Common Allegations of Fact.

84.     Paragraph 84 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

85.     Paragraph 85 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

86.     Paragraph 86 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

87.     Paragraph 87 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

88.     Paragraph 88 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

89.     Paragraph 89, including sub-paragraphs (a) through (b), of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent

that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

90.     Paragraph 90 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

91.     Paragraph 91 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

92.     Paragraph 92 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

93.     Paragraph 93 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

In response to the "WHEREFORE" clause following Paragraph 93 of Count I of Plaintiff's Third Amended Complaint, Defendant Lakin denies all allegations included therein and denies that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

**COUNT II**

**Claims Under 42 U.S.C. 1983:  Kathy L. Nodine, Alisia Rushing, Deputy Hurst, Deputy Paulda, Sgt. Sarhage, Deputy Goodwin, Deputy Caldwell, Deputy Decker, Lt. Foster, Sgt. Richert, Deputy Wilson, Lt. Court, Sgt. Bardelmeier, Sgt. McNaughton, Deputy Wallendorff, Deputy Burden, Deputy Whitecotton, and Deputy Haring**

94.     Defendants reallege and incorporate by reference, as if fully restated herein, their Answers to the Common Allegations of Fact.

95.     Paragraph 95 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

96.     Paragraph 96 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

97.     Paragraph 97 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

98.     Paragraph 98 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

99.     Paragraph 99 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action

against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

100.    Paragraph 100 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

101.    Paragraph 101 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

102.    Paragraph 102 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

103.    Paragraph 103 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

104.    Paragraph 104 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

In response to the "WHEREFORE" clause following Paragraph 104 of Count II of Plaintiff's Third Amended Complaint, Defendants deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

## COUNT III
### Claims Under 42 U.S.C. 1983:  *Monell* Claim:  Defendant Lakin

105.    Defendant Lakin realleges and incorporates by reference, as if fully restated herein, his Answers to the Common Allegations of Fact.

106.    Paragraph 106, including sub-paragraphs (a) through (g), of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Lakin, Defendant denies he committed any violation of law and further denies that Plaintiff is entitled to any relief.

In response to the "WHEREFORE" clause following Paragraph 106 of Count III of Plaintiff's Third Amended Complaint, Defendant Lakin denies all allegations included therein and denies that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

## COUNT IV
### Wrongful Death Act, Pursuant to Illinois Law

107.    Defendant Nodine realleges and incorporates by reference, as if fully restated herein, her Answers to the Common Allegations of Fact.

108.    Defendant Nodine admits she was employed as a jail officer.  The remainder of Paragraph 108 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against

Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

109.    Paragraph 109 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

110.    Paragraph 110 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

111.    Paragraph 111 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

112.    Paragraph 112 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

113.    Paragraph 113 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

114.    Paragraph 114 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

115.    Defendant Nodine is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 115 of Count IV of Plaintiff's Third Amended Complaint, and therefore denies same.

116.    Defendant Nodine is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 116 of Count IV of Plaintiff's Third Amended Complaint, and therefore denies same.

117.    Defendant Nodine acknowledges the existence of the Illinois Wrongful Death Act. To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.  Defendant denies the remaining allegations in Paragraph 117 of Count IV of Plaintiff's Third Amended Complaint and demands strict proof thereof.

In response to the "WHEREFORE" clause following Paragraph 117 of Count IV of Plaintiff's Third Amended Complaint, Defendant Nodine denies all allegations included therein and denies that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

## COUNT V
**Survival Act Claim, Pursuant to State Law**

118.    Defendant Nodine realleges and incorporates by reference, as if fully restated herein, her Answers to the Common Allegations of Fact.

119.     Paragraph 119 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.

120.     Defendant Nodine acknowledges the existence of the Illinois Survival Act.  To the extent that Plaintiff attempts to assert a cause of action against Defendant Nodine, Defendant denies she committed any violation of law and further denies that Plaintiff is entitled to any relief.  Defendant denies the remaining allegations in Paragraph 120 of Count V of Plaintiff's Third Amended Complaint and demands strict proof thereof.

In response to the "WHEREFORE" clause following Paragraph 120 of Count V of Plaintiff's Third Amended Complaint, Defendant Nodine denies all allegations included therein and denies that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

## COUNT VI
**Wrongful Death Act Pursuant to Illinois Law (Madison County & John D. Lakin)**

121.     Defendants Madison County and Lakin reallege and incorporate by reference, as if fully restated herein, their Answers to the Common Allegations of Fact.

122.     Paragraph 122 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

123.     Paragraph 123 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action

against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

124.   Paragraph 124, including sub-paragraphs (a) through (k), of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

125.   Paragraph 125 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

126.   Defendants Madison County and Lakin are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 126 of Count VI of Plaintiff's Third Amended Complaint, and therefore deny same.

127.   Defendants Madison County and Lakin are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 127 of Count VI of Plaintiff's Third Amended Complaint, and therefore deny same.

128.   Defendants Madison County and Lakin acknowledge the existence of the Illinois Wrongful Death Act.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 128 of Count VI of Plaintiff's Third Amended Complaint and demand strict proof thereof.

In response to the "WHEREFORE" clause following Paragraph 128 of Count VI of Plaintiff's Third Amended Complaint, Defendants Madison County and Lakin deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

**COUNT VII**
**Survival Act Claim Pursuant to Illinois Law (Madison County & John D. Lakin)**

129.    Defendants Madison County and Lakin reallege and incorporate by reference, as if fully restated herein, their Answers to the Common Allegations of Fact.

130.    Paragraph 130 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

131.    Paragraph 131 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

132.    Paragraph 132, including sub-paragraphs (l) through (v), of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

133.    Paragraph 133 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action

against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

134.   Defendants Madison County and Lakin acknowledge the existence of the Illinois Survival Act.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations in Paragraph 134 of Count VII of Plaintiff's Third Amended Complaint and demand strict proof thereof.

In response to the "WHEREFORE" clause following Paragraph 134 of Count VII of Plaintiff's Third Amended Complaint, Defendants Madison County and Lakin deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

**COUNT VIII**
**Indemnification Claim Pursuant to 745 ILCS 10/9-102**
**Defendants Madison County and John D. Lakin**

135.   Paragraph 135 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

136.   Paragraph 136 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

137.   Paragraph 137 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action

against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

138.     Paragraph 138 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

139.     Paragraph 139 of Plaintiff's Third Amended Complaint contains legal conclusions to which no response is required.  To the extent that Plaintiff attempts to assert a cause of action against Defendants Madison County and Lakin, Defendants deny they committed any violation of law and further deny that Plaintiff is entitled to any relief.

In response to the "WHEREFORE" clause following Paragraph 139 of Count VIII of Plaintiff's Third Amended Complaint, Defendants Madison County and Lakin deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

Jury Trial Demanded.

## DAMAGES

In response to the "DAMAGES" clause following Count VIII of Plaintiff's Third Amended Complaint, Defendants deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

## PRAYER FOR RELIEF

In response to the "PRAYER FOR RELIEF" clause following Count VIII of Plaintiff's Third Amended Complaint, Defendants deny all allegations included therein and deny that Plaintiff is entitled to the relief described therein or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering and without prejudice to the denials contained in their Answer to Plaintiff's Third Amended Complaint, Defendants state as follows for their affirmative defenses:

1. Defendants deny each and every fact and/or conclusion of law not expressly and specifically admitted herein.

2. Defendants demand a jury trial on Plaintiff's Third Amended Complaint.

3. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

4. The alleged conduct of Defendants did not rise to the level of a constitutional violation.

5. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory and/or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the Doctrine of Qualified Immunity.

6. Plaintiff's claims are barred as her Complaint fails to set forth a claim that the alleged constitutional deprivations were the result of an official policy, custom, and/or practice.

7. Plaintiff's claims are barred by the applicable Statute of Limitations.

8. Defendants deny each and every fact and/or conclusion of law not expressly and specifically admitted herein.

9. Plaintiff's claims are frivolous and have no basis in fact or law. Accordingly, Defendants are entitled to reasonable attorneys' fees and costs.

10. Plaintiff's claims are barred by the Doctrines of Estoppel, Laches and Waiver.

11.     Plaintiff has failed to allege facts that could entitle her to an award of punitive damages.

12.     Plaintiff's claim for punitive damages is barred by Amendments V, VI, VII, and XIV of the United States Constitution.

13.     Assuming *arguendo* that the allegations contained in the Complaint are true, Plaintiff's contributory negligence was a proximate cause of the injuries and damages alleged.  In particular, pursuant to 735 ILCS 5/2-1116, assuming that 100 percent represents the total combined negligence or fault of the Parties to this action or any Third-Party Defendants who could have been sued by Plaintiff, the contributory fault on the part of the Plaintiff was more than 50 percent of the total proximate cause of the alleged injuries or damages for which recovery is sought, and, therefore, there is no liability on the part of the Defendants.  In the alternative, in the event that it is found that the contributory fault on the part of the Plaintiff is not more than 50 percent of the proximate cause of the alleged injuries or damages for which recovery is sought, then any damages allowed must be diminished in proportion to the amount of fault attributable to the Plaintiff.

14.     Assuming *arguendo* that the allegations contained in the Complaint are true, Plaintiff's comparative fault reduces any award of damages to Plaintiff by a proportional amount.

15.     Defendants are immune from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act.  In particular, Section 4-103 provides, "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or is such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein."  745 ILCS 10/4-103.  In her Complaint, Plaintiff asserts numerous factually unsupported allegations against Defendants.  However, the allegations do not state a claim upon which relief can be granted as Section 4-103 provides absolute immunity

to local public entities and employees with respect to the equipment, facilities, and supervision of the jail. *See Jefferson v. Sheahan*, 279 Ill.App.3d 74 (1st Dist. 1996). *See also Hawkins v. St. Clair County*, 2009 WL 839192 (S.D. Ill. 2009) (Section 4-103 provided immunity to county, director of detention center, and supervisor of detention center on claims by plaintiffs of alleged sexual abuse by corrections officers and claims that defendants were negligent because they failed to protect plaintiffs, failed to train and supervise correction officers, failed to monitor officer access to juvenile detainees, and failed to install surveillance cameras). *See also Isaacs v. St. Clair County Jail*, 2009 WL 211158 (S.D. Ill. 2009); *Fraley v. City of Elgin*, 251 Ill.App.3d 72, 76-77 (2nd Dist. 1993); *Bolinger v. Schneider*, 64 Ill.App.3d 758 (3rd Dist. 1978). Therefore, in the case at bar, Plaintiff's claims are barred by the Illinois Tort Immunity Act as they involve Defendants' alleged failure to provide sufficient personnel and supervision.

16.     Defendants are immune from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act. In particular, Sections 4-105, 6-105, and 6-106(a) also provide immunity. Section 4-105 provides, "Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." *745 ILCS 10/4-105*. Section 6-105 provides, "Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." *745 ILCS 10/6-105*. Similarly, Section 6-106(a) of the Tort Immunity Act provides, "(a) Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is

afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction; (b) Neither a local public entity nor a public employee acting within the scope of his employment is liable for administering with due care the treatment prescribed for mental or physical illness or addiction." *745 ILCS 10/6-106*.  In her Third Amended Complaint, Plaintiff alleges that Defendants failed to provide Decedent Lindhorst with medical assistance. However, this claim is not supported by any factual allegation that Decedent Lindhorst presented to the Defendants a need for medical treatment.  As such, Defendants are immune from negligent failure to provide medical care pursuant to the preceding Sections of the Tort Immunity Act.

17.     Defendants are immune from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act.  In particular, 745 ILCS 10/2-201 also provides immunity.  This Section provides, "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." *745 ILCS 10/2-201*.  In order for a public employee to qualify for Section 2-201 immunity, the act or omission must be both a determination of policy and an exercise of discretion. *Harinel v. 161 North Clark Street LTD. Partnership*, 181 Ill.2d 335, 341 (1998).  Policy decisions made by a municipality are "those decisions which require the municipality to balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Id*. 181 Ill.2d at 342, quoting *West v. Kirkham*, 147 Ill.2d 1, 11 (1992).  Here, Plaintiff's allegations demonstrate that the decisions of the Defendants are a balance of competing interests and obligations.  Moreover, where a public employee is not liable for an injury, the municipal employer also is not liable. *745 ILCS 10/2-109*; *Greeson v. Mackinaw Township*, 207 Ill.App.3d 193, 202 (3rd Dist. 1990).  Clearly, Defendants' conduct, as alleged in

the Complaint, constitutes an exercise of discretionary conduct immunized by Section 2-201 of the Tort Immunity Act, and, as such, Defendants are immune from liability.

18.      To the extent that Plaintiff seeks to hold Defendants liable for the acts or omissions of anyone other than themselves, said claims are barred by law as 42 U.S.C. § 1983 does not allow claims based upon vicarious liability or *respondeat superior*.  *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).

<u>**RESERVATION OF RIGHTS**</u>

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendants reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendants respectfully request that the Court enter judgment in Defendants' favor, dismissing Plaintiff's claims with prejudice and awarding Defendants their costs and reasonable attorneys' fees.

Respectfully submitted,

FORDHARRISON LLP

/s/ *Heidi L. Eckert*

Heidi L. Eckert, #6271612
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0303 - *Phone*
(314) 257-0321 - *Facsimile*
heckert@fordharrison.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on July 25, 2022, served a true and correct copy of the foregoing via the Court's e-filing system upon the following:

Louis J. Meyer, Esq.
Daniel P. Kiss, Esq.
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, IL 60614
louismeyer@meyerkiss.com
dankiss@meyerkiss.com
*Attorneys for Plaintiff*

/s/ *Heidi L. Eckert*

/kds

34