# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANA SCHMIDT, Independent Administrator of the Estate of Elissa A. Lindhorst, Deceased**       *Plaintiff*, <br><br> v. <br><br> **MADISON COUNTY, ILLINOIS, JOHN D. LAKIN, as the Sheriff of Madison County, KATHY L. NODINE, DEPUTY HURST, DEPUTY PAULDA, SGT. SARHAGE, ALISIA RUSHING, DEPUTY GOODWIN, DEPUTY CALDWELL, DEPUTY DECKER, LT. FOSTER, SGT. RICHERT, DEPUTY WILSON, LT. COURT, SGT. BARDELMEIER, REBECCA McNAUGHTON, Special Representative of the Estate of SGT. McNAUGHTON, DEPUTY BURDEN, DEPUTY WALLENDORFF, DEPUTY WHITECOTTON, and DEPUTY HARING,** <br><br> *Defendants*. | Case No. 3:21-cv-00152-SPM |

## DEFENDANTS' OBJECTIONS AND ANSWERS
## TO PLAINTIFF'S FIRST INTERROGATORIES

COME NOW Defendants, KATHY NODINE, DEPUTY HURST, DEPUTY PAULDA, SGT. SARHAGE, ALISIA RUSHING, DEPUTY GOODWIN, DEPUTY DECKER, DEPUTY CALDWELL, LT. FOSTER, SGT. RICHERT, DEPUTY WILSON, LT. COURT, SGT. BARDELMEIER, REBECCA McNAUGHTON, Special Representative of the Estate of SGT. McNAUGHTON, DEPUTY BURDEN, DEPUTY WALLENDORFF, DEPUTY WHITECOTTON, and DEPUTY HARING ("Defendants"), by and through their undersigned attorneys, and for their Objections and Answers to Plaintiff's First Interrogatories, state as follows:

**GENERAL OBJECTIONS**

1. Defendants object to each Interrogatory to the extent that it requires Defendants to produce information or documents not within its possession, custody, or control.

2. Defendants object to each Interrogatory to the extent that it is vexatious or seeks irrelevant information to the subject matter of this action.

3. Defendants object to each Interrogatory to the extent that it seeks information that is unduly burdensome to obtain and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to each Interrogatory to the extent that it is ambiguous, vague, or otherwise incomprehensible.

5. Defendants object to each Interrogatory to the extent that it seeks an answer that is duplicative of answers to one or more of Plaintiff's other Interrogatories.

6. Defendants object to each Interrogatory to the extent that it seeks disclosures of information that is a matter of public record, is equally available to Plaintiff, or is already in the possession of Plaintiff.

7. Defendants object to each Interrogatory as overbroad and unduly burdensome to the extent that it seeks documents that are readily available or more accessible to Plaintiff from Plaintiff's own files. Responding to such Interrogatories is substantially the same or less for Plaintiff than it would be for Defendants.

8. Defendants object to each Interrogatory to the extent that it seeks documents or information that is confidential, proprietary, personal, and/or commercially sensitive. Such documents and information will not be produced until such time as an appropriate protective order has been entered by the Court.

9. Defendants object to each Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney/client privilege, the work product doctrine, the insurer-insured privilege, or any other applicable privilege, immunity, protection, or exemption, as well as information or documents that reveal the impressions, conclusions, opinions, legal research, or theories of Defendants' attorneys or their agents. No such information will be purposely provided. No incidental or implied waiver of any such privilege or immunity is intended or should be inferred from any of Defendants' responses to any of Plaintiff's Interrogatories.

10. Defendants object to each Interrogatory to the extent it seeks information for an unlimited and unspecified period of time, which renders it unreasonable, unduly burdensome, and as seeking information and documents that are wholly irrelevant and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

11. Defendants object to the extent that any Interrogatory calls for legal conclusions in response.

12. Defendants submit these answers without conceding the materiality or relevance of the subject matter of any of Plaintiff's Interrogatories, and without any prejudice to Defendants' right to object to further discovery or to object to the admissibility of any proof on the subject matter of any response at the time of trial, or to correct, supplement, or clarify any of these answers.

13. No incidental or implied admissions are intended by or should be inferred from any of Defendants' answers to any of Plaintiff's Interrogatories. Nothing in any of the answers is intended to be or should be construed to be an admission of any of the facts assumed or asserted by any of Plaintiff's Interrogatories or a waiver of any objection to any of Plaintiff's Interrogatories.

14. Defendants reserve the right to supplement these answers at such time as any additional information requested becomes known.

15. Each of these General Objections is incorporated in its entirety into each of the following answers as though separately set forth in full in each. In certain answers, Defendants have restated a particular objection for emphasis only. In those instances where Defendants have not restated a particular objection, or has restated some but not all of the General Objections, all of the General Objections are intended to be and are set forth as a part of the answer to that Interrogatory.

16. Defendants incorporate their Objections to Plaintiff's First Interrogatories as if fully set forth herein.

## INTERROGATORIES

1. With regard to every witness, please state:

   a. The full name, address, and telephone number of each person who witnessed or claims to have witnessed any of the events, conduct, injuries, or damages alleged in the complaint, and state the nature and substance of their knowledge;

   b. The full name, address, and telephone number of each person who was present or claims to have been present during any of the events, conduct, injuries, or damages alleged in the complaint, your answer, and your defenses, and state the nature and substance of their knowledge;

   c. The full name, address, and telephone number of each person who has, claims to have, or is believed by you to have any knowledge of the events, conduct, injuries, or damages alleged in the complaint, as well as alleged in your answer and defenses, or any other facts relating to this litigation, and state the nature and substance of their knowledge; and

   d. The full name, address, and telephone number of all persons whom you intend to and/or may call as witnesses at the trial of this matter.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants also object to Interrogatory No. 1 as it seeks the confidential information of a non-party. *See Doe v. MacLeod*, No. 3:18-CV-3191, 2019 WL 2601338, at *3 (C.D. Ill. June 25, 2019); *Lymon v.*

*Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *5 (N.D. Ill. Nov. 24, 2020); *Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *5 (S.D. Ill. Jan. 30, 2007); *EEOC v. Autozone*, No. 07-1154, 2008 WL 11366228, at *2 (C.D. Ill. Jan. 31, 2008). Defendants' further object to Interrogatory No. 1 as it is a premature discovery request as discovery has just commenced and Defendants are not yet required to disclose expert witnesses.

**ANSWER**: Subject to and without waiving the foregoing, please see below. Further, Defendants answer that several pretrial detainees were housed in the same cellblock as Decedent Lindhorst at the time of her death and these individuals were interviewed by Illinois State Police as part of its in-custody death investigation but are not included in the below listing due to personal privacy issues.

| | |
|---|---|
| Rana Schmidt<br>Plaintiff | Plaintiff has knowledge related to her claims in this lawsuit. |
| Derek Weh<br>Illinois State Police | Agent Weh was involved in the in-custody death investigation of Decedent Lindhorst. |
| Jerri Hochmuth<br>Illinois State Police | Agent Hochmuth was involved in the in-custody death investigation of Decedent Lindhorst. |
| Michael Lowery<br>Illinois State Police | Agent Lowery was involved in the in-custody death investigation of Decedent Lindhorst. |
| Maurice Austin<br>Illinois State Police | Agent Austin was involved in the in-custody death investigation of Decedent Lindhorst. |
| Emmarie Snyder<br>Illinois State Police | Agent Snyder was involved in the in-custody death investigation of Decedent Lindhorst. |
| Theodore Tebbe<br>Illinois State Police | Agent Tebbe was involved in the in-custody death investigation of Decedent Lindhorst. |
| Ryan Propst<br>Illinois State Police | Agent Propst was involved in the in-custody death investigation of Decedent Lindhorst. |
| Josh Easton<br>Illinois State Police | Agent Easton was involved in the in-custody death investigation of Decedent Lindhorst. |
| Alisia Rushing<br>Madison County Sheriff's Office – Jail Infirmary<br><br>Rushing may be contacted only through undersigned counsel | Rushing was working on February 24, 2020 and responded to Decedent Lindhorst's cellblock. |

5

| | |
|---|---|
| Rachelle Braun<br><br>Madison County Sheriff's Office – Jail Infirmary<br><br>Braun may be contacted only through undersigned counsel | Braun was working on February 24, 2020 and responded to Decedent Lindhorst's cellblock. |
| Valerie Bassett<br><br>Madison County Sheriff's Office – Jail Infirmary<br><br>Bassett may be contacted only through undersigned counsel | Bassett was working on February 24, 2020 and responded to Decedent Lindhorst's cellblock. |
| Kathy Nodine<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Nodine may be contacted only through undersigned counsel | Nodine is a Defendant in this lawsuit.  Nodine was working on February 24, 2020.  Nodine prepared a report regarding her interactions with Decedent Lindhorst. |
| Deputy Paulda<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Paulda may be contacted only through undersigned counsel | Paulda was working on February 24, 2020.  Paulda prepared a report regarding her interactions with Decedent Lindhorst. |
| Michael Hare<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Hare may be contacted only through undersigned counsel | Hare was working on February 24, 2020.  Hare prepared a report regarding his knowledge of the incident. |
| Deputy Goodwin<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Goodwin may be contacted only through undersigned counsel | Goodwin was working on February 22, 2020 and February 23, 2020.  Goodwin prepared a report regarding her interactions with Decedent Lindhorst. |

| | |
|---|---|
| Arlie Foster<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Foster may be contacted only through undersigned counsel | Foster was working on February 22, 2020 and February 23, 2020. Foster prepared a report regarding his interactions with Decedent Lindhorst. |
| Sergeant Richert<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Richert may be contacted only through undersigned counsel | Richert was working on February 22, 2020 and February 23, 2020. Richert prepared a report regarding his interactions with Decedent Lindhorst. |
| Harold Wilson<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Wilson may be contacted only through undersigned counsel | Wilson was working on February 23, 2020. Wilson prepared a report regarding his interactions with Decedent Lindhorst. |
| Tony Court<br><br>Madison County Sheriff's Office – Jail Officer (retired)<br><br>Court may be contacted only through undersigned counsel | Court was working on February 22, 2020 and February 23, 2020. Court prepared a report regarding his interactions with Decedent Lindhorst. |
| Donald McNaughton<br><br>Madison County Sheriff's Office – Jail Officer (deceased) | McNaughton was working on February 22, 2020 and February 23, 2020. McNaughton prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Wallendorff<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Wallendorff may be contacted only through undersigned counsel | Wallendorff was working on February 22, 2020. Wallendorff prepared a report regarding his interactions with Decedent Lindhorst. |

| | |
|---|---|
| Deputy Decker<br>Madison County Sheriff's Office – Jail Officer<br><br>Decker may be contacted only through undersigned counsel | Decker was working on February 22, 2020 and February 23, 2020. Decker prepared a report regarding his interactions with Decedent Lindhorst. |
| Sergeant Sarhage<br>Madison County Sheriff's Office – Jail Officer<br><br>Sarhage may be contacted only through undersigned counsel | Sarhage was working on February 24, 2020. Sarhage prepared a report regarding his interactions with Decedent Lindhorst. |
| Lieutenant Dover<br>Madison County Sheriff's Office – Jail Officer<br><br>Dover may be contacted only through undersigned counsel | Dover was working on February 24, 2020. Dover prepared a report regarding his knowledge of the incident. |
| Kent Griffin<br>Madison County Sheriff's Office – Jail Officer<br><br>Griffin may be contacted only through undersigned counsel | Griffin was working on February 24, 2020. Griffin prepared a report regarding his knowledge of the incident. |
| Deputy Burden<br>Madison County Sheriff's Office – Jail Officer<br><br>Burden may be contacted only through undersigned counsel | Burden was working on February 23, 2020. Burden prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Caldwell<br>Madison County Sheriff's Office – Jail Officer<br><br>Caldwell may be contacted only through undersigned counsel | Caldwell was working on February 22, 2020 and February 23, 2020. Caldwell prepared a report regarding his interactions with Decedent Lindhorst. |

| | |
|---|---|
| Deputy Whitecotton<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Whitecotton may be contacted only through undersigned counsel | Whitecotton was working on February 23, 2020. Whitecotton prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Schreiber<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Schreiber may be contacted only through undersigned counsel | Schreiber was working on February 22, 2020 and February 23, 2020. Schreiber prepared a report regarding his interactions with Decedent Lindhorst. |
| Thomas Schmidt<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Schmidt may be contacted only through undersigned counsel | Schmidt was working on February 24, 2020. Schmidt prepared a report regarding his knowledge of the incident. |
| Nick Bardelmeier<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Bardelmeier may be contacted only through undersigned counsel | Bardelmeier was working on February 22, 2020 and February 23, 2020. Bardelmeier prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Miller<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Miller may be contacted only through undersigned counsel | Miller was working on February 24, 2020. Miller prepared a report regarding his knowledge of the incident. |
| Deputy Saffell<br><br>Madison County Sheriff's Office – Jail Officer<br><br>Saffell may be contacted only through undersigned counsel | Saffell was working at the Granite City Courtroom on February 20, 2020 and was involved in the arrest of Decedent Lindhorst due to a felony warrant. |

| | |
|---|---|
| Deputy Bode<br>Madison County Sheriff's Office – Jail Officer<br><br>Bode may be contacted only through undersigned counsel | Bode was working on February 24, 2020. Bode prepared a report regarding his knowledge of the incident. |
| Deputy Haring<br>Madison County Sheriff's Office – Jail Officer<br><br>Haring may be contacted only through undersigned counsel | Haring was working on February 22, 2020. Haring prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Gray<br>Madison County Sheriff's Office – Jail Officer<br><br>Gray may be contacted only through undersigned counsel | Gray was working on February 24, 2020. Gray prepared a report regarding his knowledge of the incident. |
| Deputy Hurst<br>Madison County Sheriff's Office – Jail Officer<br><br>Hurst may be contacted only through undersigned counsel | Hurst was working on February 21, 2020. Hurst prepared a report regarding his interactions with Decedent Lindhorst. |
| Deputy Tharp<br>Madison County Sheriff's Office – Jail Officer<br><br>Tharp may be contacted only through undersigned counsel | Tharp was working on February 20, 2020. Tharp prepared a report regarding his interactions with Decedent Lindhorst. |
| Dr. Norfleet | Dr. Norfleet conducted the autopsy of Decedent Lindhorst. |
| Anderson Hospital | Decedent Lindhorst was transferred to Anderson Hospital from the Madison County Jail. |
| Michael Schonlau<br>City of Edwardsville Fire Department | Schonlau was working as a fireman and paramedic on the date of Decedent Lindhorst's death. Schonlau was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |

| William Reiter<br>City of Edwardsville Fire Department | Reiter was working as a fireman and paramedic on the date of Decedent Lindhorst's death. Reiter was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |
|---|---|
| Jason Hatcher<br>City of Edwardsville Fire Department | Hatcher was working as a paramedic on the date of Decedent Lindhorst's death. Hatcher was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |
| Cory Heuchert<br>City of Edwardsville Fire Department | Heuchert was working as a paramedic on the date of Decedent Lindhorst's death. Heuchert was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |
| Jeremy Paschall<br>City of Edwardsville Fire Department | Paschall was working as a fireman and paramedic on the date of Decedent Lindhorst's death. Paschall was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |
| Andrew Rieger<br>City of Edwardsville Fire Department | Rieger was working as a fireman and paramedic on the date of Decedent Lindhorst's death. Rieger was dispatched to and responded to the Madison County Jail on the date of Lindhorst's death. |

2. For any person who provided you with information about Elissa Lindhorst and/or to whom you provided information about Elissa Lindhorst, identify that person, the nature and substance of the information received/provided, the date on which the information was received/provided, and the names of all persons present when the information was received/provided.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants' further object to Interrogatory No. 2 as it is unduly burdensome, and a compound inquiry better sought by way of deposition. *See Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *7 (S.D. Ill. Jan. 30, 2007); *Peach v. City of Kewanee*, No. 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006).

**ANSWER**: Subject to and without waiving the foregoing, Defendants answer as follows: Please see Answer to Interrogatory No. 1.

11

3. For every occasion you observed, had contact or communicated with Elissa Lindhorst, state the names of all persons present; the date, time and place of the observation, contact or communication; and the nature and substance of any observation, contact, interaction or communication had with Elissa in her presence.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants' further object to Interrogatory No. 2 as it is unduly burdensome, and a compound inquiry better sought by way of deposition. *See Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *7 (S.D. Ill. Jan. 30, 2007); *Peach v. City of Kewanee*, No. 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006).

**ANSWER:** Subject to and without waiving the foregoing, Defendants answer as follows: Please see Answer to Interrogatory No. 1.

4. Provide the name of any person housed with Elissa Lindhorst while she was at Madison County Jail, and provide the dates those individuals were housed with Elissa Lindhorst, and the current contact information for those individuals.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants also object as disclosure of the personal information of the non-parties requested is a clear and unwarranted invasion of their personal privacy. *See Doe v. MacLeod*, No. 3:18-CV-3191, 2019 WL 2601338, at *3 (C.D. Ill. June 25, 2019); *Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *5 (N.D. Ill. Nov. 24, 2020); *Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *5 (S.D. Ill. Jan. 30, 2007); *EEOC v. Autozone*, No. 07-1154, 2008 WL 11366228, at *2 (C.D. Ill. Jan. 31, 2008).

5. Provide the name of any person who you have reason to believe observed, interacted or communicated with Elissa Lindhorst while she was at Madison County Jail, and provide the dates those individuals observed, interacted or communicated with Elissa Lindhorst, and the current contact information for those individuals.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants also object to Interrogatory No. 5 as it is vague

and ambiguous as to the term "reason to believe" and Defendants are uncertain of the specific information being requested as the discovery request does not describe with reasonable particularity the information being requested. *See Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970, at *6 (N.D. Ind. Apr. 18, 2007) (citing *Bruggerman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004)). Defendants' further object as disclosure of the personal information of the non-parties requested is a clear and unwarranted invasion of their personal privacy. *See Doe v. MacLeod*, No. 3:18-CV-3191, 2019 WL 2601338, at *3 (C.D. Ill. June 25, 2019); *Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *5 (N.D. Ill. Nov. 24, 2020); *Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *5 (S.D. Ill. Jan. 30, 2007); *EEOC v. Autozone*, No. 07-1154, 2008 WL 11366228, at *2 (C.D. Ill. Jan. 31, 2008).

**ANSWER:** Subject to and without waiving the foregoing, Defendants answer as follows: Please see Answer to Interrogatory No. 1.

6. Did you have a work email address in February 2020? If yes, what was that email address (Please note that this interrogatories requests that you do not delete any emails from that account from February 2020 to present):

**ANSWER**: Defendants answer as follows: Yes. Defendants' email addresses will be forthcoming.

7. With regard to every civil and/or criminal lawsuit in which you have participated as a party, for each state:

    a. The case number and title of case;

    b. The name of the opposing party and their attorney;

    c. The incident which formed the basis for the complaint and the specific allegations regarding your conduct;

    d. The status of the suit;

    e. If resolved, the disposition.

**OBJECTION**: Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants object to Interrogatory No. 7 on the basis that it is overbroad in time and scope. Defendants further object on the grounds that

>Interrogatory No. 7 is unduly burdensome, and would require unreasonable efforts or expenses on behalf of Defendants to determine whether there are responsive information.

8.  Do you know of any documents, objects, and/or tangible things which are not presently within your possession or control which, if they were, would be producible pursuant to Plaintiffs' First Rule 34 Demand for Production of Documents and Tangible Things? If so, describe in detail such documents, objects, and/or tangible things and indicate who (name, address, and telephone number) is the present custodian of these items.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. In addition, Defendants object to Interrogatory No. 8 to the extent it may seek documentation protected by the attorney-client privilege and/or work product doctrine. Defendants also object to Interrogatory No. 8 as it is vague and ambiguous and Defendants are uncertain of the specific information being requested as the discovery request does not describe with reasonable particularity the information being requested. *See Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970, at *6 (N.D. Ind. Apr. 18, 2007) (citing *Bruggerman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004)).

**ANSWER:** Subject to and without waiving the foregoing, Defendants answers as follows: None.

9.  State your highest level of education, the dates of each graduation after high school, the name and address of institutions attended, the courses of study, and the number of hours credit accumulated if no certificate or degree achieved.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. In addition, Defendants object to Interrogatory No. 9 to the extent it is overbroad in time and scope, and seeks information which is irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence. Defendants' further object to Interrogatory No. 9 as it is unduly burdensome, and a compound inquiry better sought by way of deposition. *See Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *7 (S.D. Ill. Jan. 30, 2007); *Peach v. City of Kewanee*, No. 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006).

10. For each employment you have had since 2011, state the job title, name and address of employer, name of immediate supervisor, length of time at the job, and each reason for leaving the job.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. In addition, Defendants object to Interrogatory No. 10 to the extent it is overbroad in time and scope, and seeks information which is irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence.

**ANSWER:** Subject to and without waiving the foregoing, Defendants answer as follows:

- Defendant Nodine has been employed with the Madison County Sheriff's Office since January 3, 2006. During this time period she has been employed as a Booking Clerk (Clerk III), as well as a Jail Officer, which is the current position.

- Defendant Hurst has been employed with the Madison County Sheriff's Office since March 3, 2014. During this time period she has been employed as an Administrative Clerk, as well as a Jail Officer, which is the current position.

- Defendant Paulda has been employed with the Madison County Sheriff's Office since August 5, 2019. During this time period she has been employed as a Jail Officer.

- Defendant Sarhage has been employed with the Madison County Sheriff's Office since January 28, 2008. During this time period he has been employed as a Booking Clerk, Jail Officer, Jail Sergeant, and is currently employed as a Jail Lieutenant.

- Defendant Rushing has been employed with the Madison County Sheriff's Office since October 3, 2011 as a Jail Nurse.

- Defendant Goodwin has been employed with the Madison County Sheriff's Office since September 4, 2018. During this time period he has been employed as a Jail Officer, as well as a Jail Sergeant, which is the current position.

- Defendant Decker has been employed with the Madison County Sheriff's Office since January 6, 2020 as a Jail Officer.

- Defendant Caldwell has been employed with the Madison County

15

Sheriff's Office since September 18, 2017. During this time period he has been employed as a Jail Officer, as well as a Jail Sergeant, which is the current position.

- Defendant Foster has been employed with the Madison County Sheriff's Office since July 27, 1998. During this time period he has been employed as a Jail Officer, Jail Sergeant, and is currently employed as a Jail Lieutenant.

- Defendant Richert has been employed with the Madison County Sheriff's Office since September 1, 2006. During this time period he has been employed as a Custodian, Jail Officer, and Jail Sergeant, which is the current position.

- Defendant Wilson has been employed with the Madison County Sheriff's Office since July 20, 2006. During this time period he has been employed as a Court Security Officer, as well as a Jail Officer, which is the current position.

- Defendant Court began his employment with the Madison County Sheriff's Office on February 7, 2001 and is current retired. During his employment he worked as a Jail Officer, Jail Sergeant, and Jail Lieutenant.

- Defendant Bardelmeier has been employed with the Madison County Sheriff's Office since May 1, 2013. During this time period he has been employed as a Jail Officer, as well as a Jail Sergeant, which is the current position.

- Defendant Burden has been has been employed with the Madison County Sheriff's Office since January 1, 2018. During this time period he has been employed as a Jail Officer, as well as a Jail Sergeant, which is the current position.

- Defendant Wallendorff has been has been employed with the Madison County Sheriff's Office since March 12, 2012. During this time period she has been employed as Communications Officer, as well as a Jail Officer, which is the current position.

- Defendant Whitecotton has been has been employed with the Madison County Sheriff's Office since December 27, 2016. During this time period he has been employed as a Jail Tech, Jail Officer, and Sheriff's Deputy, which is the current position.

- Defendant Haring has been has been employed with the Madison County Sheriff's Office since August 21, 2017 as a Jail Officer.

16

11. For each certification or license to provide human health care you have obtained, including the most basic (such as CPR), state the name and address of the licensing agency, title of license, and dates of issue and expiration. If any certificate or license has ever been suspended or revoked, state the name and address of the licensing agency, title of license, dates of suspension or revocation, and reasons therefor.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants further object to Interrogatory No. 11 to the extent it is overbroad in time and scope, and is vague and ambiguous as to the term "human health care" and Defendants are uncertain of the specific information being requested as the discovery request does not describe with reasonable particularity the information being requested. *See Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970, at *6 (N.D. Ind. Apr. 18, 2007) (citing *Bruggerman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004)). Defendants' further object to Interrogatory No. 11 as it is unduly burdensome, and a compound inquiry better sought by way of deposition. *See Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *7 (S.D. Ill. Jan. 30, 2007); *Peach v. City of Kewanee*, No. 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006).

12. Describe all training you have received from Madison County regarding providing medical care to detainees and detainees experiencing medical issues, breathing issues, drug overdose or withdrawal, including the dates of the training, who provided the training, where the training occurred and whether any materials were presented or distributed as part of the training.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants further object to Interrogatory No. 12 to the extent it is overbroad in time and scope. Defendants' further object to Interrogatory No. 12 as it is unduly burdensome, and a compound inquiry better sought by way of deposition. *See Strode v. Venice, IL*, No. 06-228 GPM, 2007 WL 294263, at *7 (S.D. Ill. Jan. 30, 2007); *Peach v. City of Kewanee*, No. 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006).

13. Describe the procedures you are to follow when encountering an individual who appears to be in need of medical care and/or experiencing breathing issues and the source for your understanding for these procedures.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants' further object to Interrogatory No. 13 to the extent it is overbroad in time and scope, requests irrelevant information, and is vague and ambiguous. Defendants also object to Interrogatory No. 13 as it begs a speculative or hypothetical answer which is improper. *Kalaher v. Crop Prod. Servs.*, No. 14-CV-1208, 2015 WL 362203, at *3 (C.D. Ill. 2015).

14. Provide the names of all your supervisors at Madison County Jail during the month of February 2020.

**ANSWER:** Defendant refers Plaintiff to the following documents:

- Chain of Command diagram. *See* Bates No. Madison-Lindhorst-0397.

15. Provide the names of any and all medical staff/providers on site at Madison County Jail during the month of February 2020 and the dates on which they were there and specify if any of these medical staff had interactions or communications with Elissa Lindhorst or if they received any information regarding Elissa Lindhorst.

**ANSWER:** Defendant refers Plaintiff to the following documents:

- Chain of Command diagram. *See* Bates No. Madison-Lindhorst-0397.
- Time Sheets for the time period of February 20, 2020 to February 24, 2020. *See* Bates No. Madison-Lindhorst-0386-0396.

16. Have there ever been any detainee grievances, complaints and/or allegations made against you in the last five years alleging failure to protect, denying medical attention, falsifying reports and/or similar allegations? If yes, for each complaint, identify the person(s) who made the

complaint and the conduct complained of, together with the file number, the substance of the complaint, and the outcome.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants object to Interrogatory No. 16 on the grounds that it is not reasonably calculated to lead to the discovery of relevant and/or admissible evidence, and is overbroad in time and scope. Defendants further object on the grounds that Interrogatory No. 16 is unduly burdensome, and would require unreasonable efforts or expenses on behalf of Defendants to determine whether there are responsive documentation.

17. Have you ever been suspended, reprimanded, or disciplined in any way, during your employment at Madison County? If yes, for each occurrence, identify the reason given for the suspension, reprimand, or other discipline.

**OBJECTION:** Defendants restate and incorporate their General Objections as if set forth fully herein. Defendants object to Interrogatory No. 17 on the grounds that it is not reasonably calculated to lead to the discovery of relevant and/or admissible evidence, and is overbroad in time and scope. Defendants further object on the grounds that Interrogatory No. 17 is unduly burdensome, and would require unreasonable efforts or expenses on behalf of Defendants to determine whether there are responsive documentation.

Respectfully submitted,

FORDHARRISON LLP

/s/ *Heidi L. Eckert*
Heidi L. Eckert, #6271612
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0303 - *Phone*
(314) 257-0321 - *Facsimile*
Heckert@fordharrison.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have on August 26, 2022, served a true and correct copy of the foregoing via email upon the following:

Louis J. Meyer, Esq.
Daniel P. Kiss, Esq.
MEYER & KISS, LLC
311 West Stratford Drive
Peoria, IL 60614
louismeyer@meyerkiss.com
dankiss@meyerkiss.com
*Attorneys for Plaintiff*

/s/ *Heidi L. Eckert*

HLE/kds